ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| Nauset Construction Corporation | ) ASBCA Nos. 61673, 61674, 61675 |
| | ) |
| Under Contract No. W912SV-13-C-0007 | ) |

APPEARANCES FOR THE APPELLANT:     John J. McNamara, Esq.
                                   Elise M. Kuehn, Esq.
                                    Lane McNamara LLP
                                    Southborough, MA

APPEARANCES FOR THE GOVERNMENT: Scott N. Flesch, Esq.
                                    Army Chief Trial Attorney
                                    CPT Philip L. Aubart, JA
                                    Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE YOUNG
ON APPELLANT'S MOTION FOR RECONSIDERATION

On May 5, 2021, we issued a decision on the government's motion to dismiss for lack of jurisdiction, denying the challenge to our jurisdiction on grounds that the claims involved fraud, and granting the motion to dismiss the termination for default on grounds that it was untimely filed with the Board. On May 26, the appellant filed a motion for reconsideration, and on June 25, the government filed its opposition and cross motion for reconsideration. The appellant appealed to the Federal Circuit on August 31, 2021. We had not, at that point, decided either motion. The government withdrew its motion for reconsideration on September 17, 2021, in "an effort to avoid parallel litigation and possibl[y] bifurcated proceedings in front of the Board and the Court of Appeals for the Federal Circuit" (gov't ltr. dtd. September 17, 2021 at 1). Appellant's motion is still pending before us.

JURISDICTION

Prior to resolving appellant's motion for reconsideration, we consider, *sua sponte*, whether the filing of the notice of appeal at the Court of Appeals for the Federal Circuit divests us of jurisdiction. In *Nucleus Corp.*, ASBCA No. 39612, 94-2 BCA ¶ 26,862, in a fact pattern similar to the one before us, appellant filed a motion for reconsideration and before the Board could resolve it, appealed to the Federal Circuit. The Board held that it had jurisdiction to consider the motion because the decision on the merits did not become final due to the timely filing of a motion for reconsideration. The Board observed that, unlike where an appeal is filed with the Circuit *prior* to filing a motion for

reconsideration, the Board retained jurisdiction to consider appellant's motion because the decision on the merits had not yet become final. *See also Bruce E. Zoeller*, ASBCA No. 56578, 11-1 BCA ¶ 34,720. As in *Nucleus*, in the case at hand our decision on the merits is not final due to appellant's filing of a motion for reconsideration. Accordingly, we conclude that we have jurisdiction to resolve the pending motion for reconsideration. [*]

## RECONSIDERATION ON THE MERITS

The moving party on a motion for reconsideration must establish a compelling reason for us to modify our original decision. In deciding whether that standard is met, we look to see whether there is newly discovered evidence, mistakes in our findings of fact or errors of law. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453 (citing *American AquaSource, Inc.*, ASBCA No. 56677, 10-2 BCA ¶ 34,590; *SplashNote Systems, Inc.*, ASBCA No. 57403, 12-1 BCA ¶ 35,003). In evaluating a motion to reconsider, an examination is performed into whether the motion is based upon newly discovered evidence, mistakes in the findings of fact, or errors of law. "Reconsideration is not intended to provide a party with the opportunity to reargue its position." *Alliance Roofing & Sheet Metal, Inc.*, ASBCA No. 59663, 15-1 BCA ¶ 36,063 at 175,803 (quoting *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911).

Appellant challenges the portion of our decision concluding we have no jurisdiction over the termination for default because appellant appealed the termination after the statutory 90-day period had elapsed. Appellant argues that it was prejudiced by the termination letter's omission of language regarding its right to appeal to the Board within 90 days, and thus the 90-day period did not start running. Appellant reargues that it was prejudiced because, due to this omission, it was reasonable in its belief that it needed to first file a claim with the contracting officer regarding the termination for default before appealing the termination to the Board (app. mot. at 7-9; gov't opp'n at 4).

---

[*] We are aware of a ruling by the Civilian Board of Contract Appeals, *Summit Commerce Pointe, LLC v. General Services Administration*, CBCA Nos. 2652-R, 2845-R, 14-1 BCA ¶ 35,581, where appellant filed a motion for reconsideration of the Board's decision dismissing the appeal for lack of jurisdiction, and before the Board could resolve the motion, appealed the decision on the merits to the Federal Circuit. The Board decided it would not render a decision on appellant's motion for reconsideration unless requested or directed to do so by the Court of Appeals. Although we read with interest the holdings of our sister Board, we are not bound by its rulings. We are, however, bound by the clear and undisturbed precedent cited above. *Cf. BES Constr.*, ASBCA No. 60608, 19-1 BCA ¶ 37,455 at 181,990 n.3.

2

In our decision, we found that the record did not support that appellant had been prejudiced by the contracting officer's failure to include appeal language in the termination decision. The termination letter directed appellant's attention to the Disputes Clause, and the record supports that appellant's counsel conducted *extensive* research on termination rights. We stated:

> "Given the amount of research conducted by counsel, and counsel's involvement throughout the performance and termination of the contract, we find it hard to believe that appellant was unaware of its appeal rights under the Disputes clause even if the termination letter did not include the language required by the FAR. Considered together, these facts do not support appellant's assertion that it was prejudiced by the termination letter's omission of appeals rights language."

*Nauset Constr.*, ASBCA Nos. 61673, 61675, 21-1 BCA ¶ 37,852 at 183,820. In its request for reconsideration, appellant has not provided additional case law or evidence supporting it was prejudiced by the omission of the appeal language, but restates that it was reasonable in its belief that a claim disagreeing with the termination for default had to be filed with the contracting officer *prior* to appealing the termination to the Board. Disagreements with the trier of fact as to the weight accorded certain evidence and the inferences to be drawn from such evidence are not appropriate grounds for reconsideration. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453 (citing *Walsky Constr.*, ASBCA No. 41541, 94-2 BCA ¶ 26,698; *Grumman Aerospace Corp.*, ASBCA No. 46834 *et al.*, 03-2 BCA ¶ 32,289, *aff'd*, 497 F.3d 1350 (Fed. Cir. 2007)).

CONCLUSION

The motion is denied.

Dated: January 26, 2022

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA Nos. 61673, 61674, 61675,
Appeals of Nauset Construction Corporation, rendered in conformance with the Board's
Charter.

Dated: January 27, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4